**PFEFFER et al. v. WESTERN DOLL MFG. CO. et al.**

(District Court, N. D. Illinois, E. D.    November 1, 1920.)

No. 1228.

1. Patents ☞328—51,559 for design for bathing doll, held invalid for want of invention.

The Pfeffer design patent, No. 51,559, for a bathing doll, which consisted of decorating a plaster of paris doll of known design with ordinary one-piece bathing costume, *held* invalid for want of invention.

2. Patents ☞17—Invention involves doing what ordinary person skilled in art could not do.

Doing what has not been done before is not necessarily invention, but that which is done must be something which the ordinary person skilled in the art would not know how to do, if occasion for it arose.

3. Patents ☞28—Novelty, without invention, does not sustain design patent.

A design is not patentable merely because it creates a pleasing impression on the eye, or is novel or salable; but it must also have invention, which requires more than the mere adaptation of old forms and designs to new purposes.

In Equity. Suit for infringement of a patent by Genevieve Pfeffer and another against the Western Doll Manufacturing Company and others. Bill dismissed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Frank F. Reed and Edward S. Rogers, of Chicago, Ill., for plaintiffs. Luther Johns, of Chicago, Ill., for defendants.

CARPENTER, District Judge. On September 24, 1917, plaintiff made application for a design patent, and letters patent No. 51,559 were issued to her. Her invention consists in decorating a plaster of paris doll, known as a "pensive kewpie" (Rose O'Neill Wilson design patent No. 44,393, of July 23, 1913), and thereby converting it into a bathing doll, known as a "Splashme doll."

[1] No new or novel costume or features are painted on the doll; the eyes are the type commonly called the "baby doll" eye, well known in the illustrations and drawings of Nell Brinkley; the hair is in a style then in vogue; the costume is a one-piece bathing suit, seen very generally at all beaches, and extensively advertised by enterprising reporters for the daily press. No invention was required for this arrangement. It is simply the act of painting a costume on a doll, and the painting of costumes on dolls is old. This appears from the record, and is also a matter of common knowledge.

[2] One has not necessarily made an invention because he has done what has not been done before. He must do something which the ordinary person skilled in the art would not know how to do, if occasion for it arose. If any artist or workman were directed to paint on a kewpie doll a one-piece bathing suit, cap, "baby doll" eyes, and spit curls, the Splashme doll of the plaintiff is the type of doll he would produce.

[3] It is not enough that the design create a pleasing impression on the eye, or that it is novel or salable; it must also have invention. In this case no new species or variety of doll was created; not even were old parts combined in a new way; each element was put where it naturally belonged, in conformity with everyday practice of dressing. It was merely the selection of a bathing suit for the doll, and was not a creative act. All of the witnesses seem to agree that the work required skill rather than original conception.

"The mere adaptation of old devices, forms, or designs to new purposes of ornamentation. however exquisite the result, will not sustain a patent." Cahoone v. Rubber & Celluloid Harness Co. et al. (C. C.) 45 Fed. 582.

"The adaptation of old devices or forms to new purposes, however convenient, useful, or beautiful they may be in their new role, is not invention." Smith v. Whitman Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768, 37 L. Ed. 606.

If this patent is valid, the patentee could paint dolls with all costumes known at the present date, and exclude the world from doing the same.

Exceptions to the master's report will be sustained, and the bill dismissed for want of equity.